UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SILVIANO CHRISTMAN,

                              Petitioner,

            -against-

ROBIN COLLINS, WARDEN, NORTH
INFIRMARY COMMAND,

                              Respondent.

20-CV-8124 (CS)

14-CR-236 (CS)

ORDER

CATHY SEIBEL, United States District Judge:

Petitioner Silviano Christman, currently incarcerated in the North Infirmary Command on

Rikers Island, brings this *pro se* application, styled as a petition for a writ of *habeas corpus* under

28 U.S.C. § 2241. He seeks to modify his sentence entered in *United States v. Christman*, ECF

7:14-CR-0236, 11 (S.D.N.Y. Nov. 3, 2014). For the following reasons, the Court construes the

submission as a motion for relief under 28 U.S.C. § 2255, and grants Christman an opportunity,

within sixty days, to either withdraw the application or show cause, by filing a declaration, why

this application should not be denied as time-barred.

## BACKGROUND

On October 14, 2014, Christman pleaded guilty to attempted bank robbery, bank fraud,

and attempted bank fraud, and was sentenced to forty months' imprisonment and five years'

supervised release.  (No. 14-CR-236 Doc. 11.)  Judgment was entered on November 3, 2014,

(*id.*) and no appeal was filed.

After he was discharged from custody, Christman violated his supervised release by

committing a state crime and leaving this judicial district without permission. On March 31,

2018, the Court sentenced him to six month's imprisonment for violating his supervised release.[1] (No. 14-CR-236 Doc. 21.)

Christman now brings this petition seeking to be resentenced on the ground that he was denied effective assistance of counsel in violation of the Sixth Amendment because his counsel, after his original conviction, failed to file a notice of appeal as directed.

## DISCUSSION

### A.    Designation of Application as Motion Under 28 U.S.C. § 2255

Christman's application must be construed as a motion for relief under 28 U.S.C. § 2255 because he seeks to vacate his conviction and sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). If Christman does not want to pursue relief under § 2255, he may notify the Court in writing within sixty days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*). Christman should note that a criminal defendant generally has only one opportunity within the limitations period for a full adjudication of his claims in a § 2255 motion. If Christman does not inform the Court within sixty days of his intention to withdraw the application, it will remain designated as a § 2255 motion.

### B.    Applicable Statute of Limitations

Christman's application also appears to be time-barred. A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark

---

[1] Christman, who is currently detained on Rikers Island on a state assault charge, again faces new supervised release violation charges in his federal criminal case. On July 27, 2020, the Court granted his request for adjournment of the hearing on the new violations to January 28, 2021, or until the resolution of his state case.   (No. 14-CR-236 Doc. 37.)

dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Christman's judgment of conviction was filed on October 30, 2014, and entered on November 3, 2014. As he did not appeal, his conviction became final on November 17, 2014, 14 days after the judgment was entered. *See* Fed. R. App. Pro. 4(b)(1) (allowing 14 days to file notice of appeal from judgment of conviction); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Christman placed this application in the prison mail collection box on September 23, 2020, more than five years and ten months after his judgment became final, and well after the applicable limitations period expired.

If Christman chooses to pursue relief in this § 2255 motion, he is directed to show cause within sixty days why this application should not be denied as time-barred. Christman should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions).

## CONCLUSION

The Clerk of Court is directed to mail Petitioner a copy of this order to and note service on the docket.

Christman's petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, is construed as a motion under 28 U.S.C. § 2255. Within sixty days of the date of this order, Christman must either notify the Court in writing if he wishes to withdraw the motion, or, if he chooses not to withdraw the motion, file a declaration showing cause why the motion should not be denied as time-barred. For Christman's convenience, a declaration form is attached to this order. If he files a declaration within the time allowed, the Court will review it, and if proper, order that the motion be served on the Government. If Christman fails to comply with this order, and cannot show good cause to excuse such failure, the motion will be denied as time-barred. No answer will be required at this time.

The Clerk of Court is also directed to substitute the United States of America as the Respondent on the docket and short caption of the civil case, No. 20-CV-8124.

Because Christman has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: 10/1/20
White Plains, New York

_____
CATHY SEIBEL
United States District Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.


_____        _____
Executed on (date)             Signature


_____        _____
Name                           Prison Identification # (if incarcerated)


_____        _____
Address              City              State        Zip Code


_____        _____
Telephone Number (if available)   E-mail Address (if available)