UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SILVIANO CHRISTMAN,

               Petitioner,                  ORDER

                                              20-CV-8124 (CS)
       -against-                    14-CR-236 (CS)

UNITED STATES OF AMERICA,

               Respondent.
-------------------------------------------------------x

Seibel, J.

On September 29, 2020, Petitioner Silviano Christman filed what purported to be a petition under 28 U.S.C. § 2241. It was docketed as No. 20-CV-8124. Because it sought to vacate his conviction and sentence in No. 14-CR-236, it had to be construed as a petition under 28 U.S.C. § 2255. (Doc. 3.) The Court gave Petitioner the option of withdrawing the petition, or showing cause why it should not be dismissed as time-barred, no later than December 18, 2020. (*Id.*) Petitioner did not timely respond but I will nevertheless consider his submission. (Doc. 4.)

Petitioner did not withdraw the petition but rather attempted to excuse its lateness. He alleges that, at his sentencing on October 14, 2014, he asked his lawyer to file a notice of appeal, and that "[i]t was not until after the time to file a § 2255 petition had passed [that he learned] that counsel failed to file such notice of appeal." (*Id.* at 2.)

Under 28 U.S.C. § 2255(f), a petition under § 2255 must be filed within one year of the conviction becoming final, unless one of three exceptions applies. The only one even potentially applicable here is § 2255(f)(4), which sets the start of the one-year period at "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The judgment of conviction in Defendant's case was entered on

November 3, 2014, so his conviction became final on November 17, 2014. *See See United States v. Williams*, No. 07-CR-6032, 2019 WL 6170050, at *2 (W.D.N.Y. Nov. 18, 2019).[1] Almost six years went by before Petitioner filed the instant case. This is hardly diligent. *See, e.g., Middlemass v. United States*, No. 14-CV-729, 2016 WL 1222211, at *5 (D. Conn. Mar. 28, 2016) ("Though he does not state a precise date at which he became aware that his lawyer did not follow his instruction to file a notice of appeal, . . . Middlemass waited no fewer than 66 months—five and a half years—to file his Section 2255 Motion after his period to file a notice of appeal expired. In light of this length of time, the court concludes that Middlemass's Petition as to this claim is . . . precluded by the statute of limitations."); *United States v. Davis*, No. 02-CR-64, 2015 WL 1097384, at *7 (D. Vt. Mar. 11, 2015) ("At some point Davis should have learned through the exercise of due diligence that no direct appeal had been pursued on his behalf."); *Zapata v. United States*, No. 90-CR-943, 2000 WL 1610801, at *2 (S.D.N.Y. Oct. 27, 2000) ("A convicted defendant need not immediately 'check up' on whether counsel has timely filed a notice of appeal . . . [but] a duly diligent person in Zapata's circumstances would not have needed three and a half years . . . to discover that counsel had not filed a notice of appeal . . . .") (citation omitted).

Petitioner provides no explanation for why he made no inquiries – of counsel, this Court, or the Court of Appeals – during the many years following his sentencing as to the progress of the appeal he claims he thought had been filed. Indeed, lengthy proceedings relating to Petitioner's violation of conditions of supervised release were held in this Court in the interim – during which Petitioner was represented by the same counsel he now alleges failed to file a notice of appeal years earlier – and he never said a word about the issue. He has not begun to

---

[1] The Court will send Petitioner copies of the unreported cases cited in this Order.

carry his burden of showing that he exercised due diligence in pursuing his claim. *See United States v. Osmanson*, No. 08-CR-119, 2014 WL 5587009, at *7 (D. Vt. Oct. 31, 2014) (burden is on petitioner to show due diligence).[2] Nor has he suggested grounds for equitable tolling.

Accordingly, the petition is dismissed as untimely. As Petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *Mathews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Clerk of Court is respectfully directed to: (1) docket this Order in No. 14-CR-236 and No. 20-CV-8124; (2) close No. 20-CV-8124; and (3) send a copy of this Order to Silviano Christman, No. 3491903612, North Infirmary Command, Rikers Island, 1500 Hazen Street, East Elmhurst, NY 11370.

SO ORDERED.

Dated: January 6, 2021
      White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

---

[2] The case law Petitioner cites, (Doc. 4 at 2), does not relate to when a court may consider a § 2255 petition filed more than one year after a conviction has become final.